UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:21mj03385 Becerra

UNITED STATES OF AMERICA

v.

ANTHONY KEVIN TRUJILLO,

Defendant.
_____/

CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)? No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

BY: _____

_____
Arielle Klepach
Assistant United States Attorney
Federal Bar No. A5502706
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9272
Arielle.Klepach@usdoj.gov

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>ANTHONY KEVIN TRUJILLO,<br><br>*Defendant(s)* | Case No. 1:21mj03385 Becerra |

### CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 7, 2021__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 49 U.S.C. § 46504 | Interference with Flight Crew Members and Attendants |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

*Roberto A. Santana*
*Complainant's signature*

Roberto A. Santana, FBI, TFO
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __Telephone__

Date: 7/12/2021 at 9:07 p.m.

*Judge's signature*

City and state: Miami, Florida — Hon. Jacqueline Becerra, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your Affiant, Roberto A. Santana, being duly sworn, deposes and states as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Senior Federal Air Marshal with the Transportation Security Administration and have been so employed for over 10 years. For approximately 10 years, I served as a deployed air marshal on both domestic and international flights. Since December of 2020, I have been assigned to Miami International Airport as a Task Force Officer with the Federal Bureau of Investigation's Joint Terrorism Task Force. My duties include the investigation of violations of federal law occurring within the airport environment and onboard aircrafts. I am a law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations into and make arrests for violations of federal law.

2. The information set forth in this Affidavit is the result of my own investigation and that of other law enforcement agents. This Affidavit is submitted for the limited purpose of establishing probable cause that, on or about July 7, 2021, Anthony Kevin TRUJILLO committed the offense of Interference with Flight Crew Members and Attendants, in violation of Title 49, United States Code, Section 46504.

3. Because this Affidavit is submitted for the limited purpose of setting forth probable cause for the proposed criminal complaint, it does not contain every fact known to me about the investigation.

## PROBABLE CAUSE

4. On July 7, 2021, at approximately 8:30 a.m. Pacific Standard Time, TRUJILLO boarded American Airlines flight 2289 from Los Angeles International Airport ("LAX") to Miami International Airport ("MIA").

5. Approximately an hour into the flight, TRUJILLO approached a flight attendant and stated that he heard a gas leak inside of the airplane. Flight attendants instructed TRUJILLO to calm down and not to be concerned, but TRUJILLO became increasingly upset. TRUJILLO then told flight attendants that the woman seated next to him had bomb parts inside of her sock. Flight attendant R.S., the plane's purser, instructed flight attendant I.P. to stay towards the back of the aircraft to monitor TRUJILLO while he informed the air marshals onboard the plane about the situation.

6. I.P. attempted to calm TRUJILLO down. At one point, I.P. picked up I.P.'s personal bag, which caused TRUJILLO to become increasingly agitated. TRUJILLO accused I.P. of having improvised explosive device ("IED") components inside of the bag. TRUJILLO tried standing up and grabbing I.P.'s bag, and when I.P. resisted, the two scuffled until I.P. was able to restrain TRUJILLO and get him to sit back down. The air marshals then approached TRUJILLO, who continued to insist that I.P. had IED components. The marshals checked I.P.'s bag and observed no suspicious items inside it.

7. The marshals attempted to seat TRUJILLO in another seat in the back of the aircraft, but shortly thereafter, TRUJILLO stood up from his seat and charged towards the front of the airplane while stating, in substance, that he needed to warn the pilot because he did not want to die.

8. TRUJILLO became combative and resisted the air marshals, who were initially unable to handcuff him. After approximately twenty minutes, air marshals were able to calm TRUJILLO down and place him in a seat at the back of the plane. Flight attendants moved passengers out of TRUJILLO's immediate area and placed drink carts in both aisles of the aircraft to prevent TRUJILLO from accessing any other areas of the plane.

9. For the remainder of the flight, the air marshals stood next to TRUJILLO's seat. Additionally, flight attendant I.P. was unable to perform his duties during the remainder of the flight and instead assisted the air marshals in securing TRUJILLO to ensure he did not cause further disturbances. Flight attendant R.S. stayed at the front of the airplane with an open communication line to the cockpit to inform the pilots of the ongoing situation.

10. For approximately the last hour of the flight, the pilot instructed the passengers on the plane that they were required to keep their hands over their heads until landing.

11. At approximately 4:40 p.m. Eastern Standard Time, the airplane landed and awaited law enforcement response. Before law enforcement boarded the airplane, TRUJILLO again became agitated and started yelling to the other passengers, in substance, that he was going to die because he tried to save everyone's life, and that if the other passengers wanted to live they needed to go with him.

12. I know that flight attendants are trained not to reveal the identities of federal air marshals to passengers on board the airplane unless necessary to maintain the safety of the plane and its passengers. By informing and involving the air marshals, the flight attendants revealed the marshals' presence on the airplane, which they would not have otherwise done absent TRUJILLO's actions. TRUJILLO's actions caused R.S. to inform the air marshals about the ongoing situation. TRUJILLO's actions also caused R.S. to feel intimidated and fear bodily harm.

13. After law enforcement removed TRUJILLO from the plane, the passengers were escorted off the plane into a secure area. The airplane was removed to a remote location, where the Miami-Dade Police Department Bomb Squad swept the airplane for explosive devices. The sweep lasted approximately two hours, which required the aircraft to be removed from its regular service.

## **CONCLUSION**

14. Based on the information provided above, I respectfully submit that there exists probable cause to believe that on or about July 7, 2021, in Miami-Dade County, in the Southern District of Florida, TRUJILLO committed the offense of Interference with Flight Crew Members and Attendants, in violation of Title 49, United States Code, Section 46504.

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

*Roberto A. Santana*
ROBERTO A. SANTANA, TFO
FEDERAL BUREAU OF INVESTIGATION

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Telephone this __12__ day of July, 2021.

_____
HONORABLE JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE

4